IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STEPHEN LANDRY,<br><br>  Plaintiff,<br><br>v.<br><br>LONNIE TOWNSEND, ET AL.,<br><br>  Defendants. | CIVIL ACTION NO. 6:23-CV-00057-JCB-JDL |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Plaintiff Stephen Landry, an inmate at the Texas Department of Criminal Justice, Wainwright Unit, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights in prison. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. Before the court is Defendants Rendon and Carmichael's motion to dismiss filed on May 2, 2023. (Doc. No. 15.) Plaintiff did not file a response. For the reasons set forth herein, the court **RECOMMENDS** that Defendants' motion be **GRANTED**.

### BACKGROUND

**I.    Procedural Background**

Plaintiff originally filed this action on January 30, 2023. (Doc. No. 1.) Upon review, the court found the original complaint to be deficient in several respects and ordered Plaintiff to file an amended complaint. (Doc. No. 5.) Plaintiff filed an amended complaint on February 17, 2023.

1

(Doc. No. 8.) The amended complaint names as defendants Warden Lonnie Townsend, Officer Marciela Rendon, unidentified "Safe Prison Officers," an unidentified law library clerk, Seargent Ponce, and Ms. Elizabeth Carmichael. *Id.* In addition, the amended complaint raises several non-specific claims related to government control devices, guidance systems, and frequencies. *Id.* Plaintiff seeks relief in the form of return of lost/stolen property and unspecified monetary damages for "physical harms, psychological and emotional stresses[.]" *Id.*

On May 10, 2023, the court dismissed all the above-noted claims pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B), with the exception of the claims for monetary damages against Defendants Rendon, the unidentified "Safe Prison Officers," and Carmichael. (Doc. No. 17.) The court also issued an order on May 10, 2023, instructing Plaintiff to submit to the court, within thirty days of receipt of the order, the names and addresses of the Safe Prison Officers (other than Rendon) whom he intends to sue so that service can be attempted. (Doc. No. 16.) As of the filing of this report and recommendation, Plaintiff has not identified for the court the names and/or address of the unspecified Safe Prison Officers alleged in the amended complaint.

**II.     Plaintiff's Amended Complaint**

Regarding Defendant Rendon and the Unidentified Safe Prison Officers, Plaintiff alleges: "I-60s sent to Safe Prisons weren't responded to [and] after filing multiple OPI's I was constantly told there wasn't enough evidence to verify 2 prior assaults after being expressed on the unit as a snitch. The 3rd incident I was almost strangled to death by an inmate." (Doc. No. 8, at 3.) Regarding Defendant Carmichael, Plaintiff alleges: "My outside purchase for the filing fee were held [and] I was stopped from making [an] accurate payment for my civil suit." *Id.* The court ordered Defendant Rendon, the unidentified Prison Safe Officers, and Defendant Carmichael to

2

respond to these arguably non-frivolous claims for deliberate indifference to inmate safety and denial of access to the courts. (Doc. No. 9.).

   III.   **Defendants Rendon and Carmichael's Motion to Dismiss**

Defendants filed the instant motion to dismiss Plaintiff's claims on May 2, 2023. (Doc. No. 15.) Defendants allege that Plaintiff has failed to state a claim under 42 U.S.C. § 1983. *Id.* Defendants also raise the affirmative defenses of qualified immunity and sovereign immunity. *Id.* Plaintiff did not file a response to Defendants' motion to dismiss and the period in which to do so has expired. *See* L.R. CV-7(e).

## LEGAL STANDARD

When a defendant files a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the trial court must assess whether a complaint states a plausible claim for relief. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 329–30 (5th Cir. 2013) (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The Supreme court clarified the standards that apply in a motion to dismiss for failure to state a claim in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible." *Id.* The distinction between merely being possible and plausible was reiterated by the court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3

Federal Rule of Civil Procedure 8(a) does not require "detailed factual allegations[,] but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice; nor does a complaint which provides only "naked assertions" that are "devoid of further factual enhancement." *Id.* Courts need not accept legal conclusions as true, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient. *Id*.

A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims . . . across the line from conceivable to plausible," or if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability. *Id*.; *see also Rios v. City of Del Rio, Tex*., 444 F.3d 417, 421 (5th Cir. 2006).

The pleading of a *pro se* plaintiff is to be "liberally construed" and is "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, even with *pro se* litigants, "conclusory allegations or legal conclusions masquerading as factual conclusions" are not sufficient for a well-pleaded complaint. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conf. v. S. Ct. of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)). If the facts alleged in a complaint do not permit the court to infer more than the mere possibility of misconduct, a plaintiff has not shown entitlement to relief. *See Rios*, 444 F.3d at 421. Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Id.*

4

**DISCUSSION**

As an initial matter, the court notes that the Office of the Attorney General of Texas filed the instant motion to dismiss on behalf of Defendants Rendon and Carmichael only. (Doc. No. 15, at 1 n.1.) And although the Unidentified Safe Prison Officers have not been served, the court will consider the claims against them. The Fifth Circuit has held that similarly situated parties who have not joined a motion are nonetheless entitled to the benefit of that motion. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001). Thus, the court recommends that the Unidentified Safe Prison Officers receive the benefit of Defendant Rendon and Carmichael's motion and will evaluate Plaintiffs' allegations concerning them.

**I.     Eleventh Amendment Immunity**

Plaintiff does not state whether he is suing Defendants in their official or individual capacities. To the extent Plaintiff is suing Defendants in their official capacities, the Eleventh Amendment generally bars individuals from suing a state in federal court. *McKinley v. Abbott*, 643 F.3d 403, 405 (5th Cir. 2011). When a plaintiff sues state officials in their official capacity, he is, in effect, suing the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thus, claims against state officials in their official capacity are also barred by the Eleventh Amendment unless an exception exists, such as when the state consents to the suit or the plaintiff seeks prospective injunctive relief instead of monetary damages. *See McKinley*, 643 F.3d at 405–06 (citing *Ex parte Young*, 209 U.S. 123 (1908)).

Here, Plaintiff seeks relief against Defendants in the form of unspecified monetary damages for "physical harms, [and] psychological and emotional stresses[.]" (Doc. No. 8.) However, TDCJ has not consented to this lawsuit; therefore, Defendants retain Eleventh Amendment immunity from monetary claims in their official capacity. As such, the court lacks

jurisdiction to adjudicate Plaintiff's claims against Defendants in their official capacity to the extent Plaintiff seeks money damages. *See* Fed. R. Civ. P. 12(b)(1).

## II.  Deliberate Indifference/Failure to Protect

Defendants move to dismiss Plaintiff's claim against Defendant Rendon and the unidentified Prison Safe Officers for failure to state a claim for deliberate indifference/failure to protect. Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan,* 511 U.S. 825, 833 (1994). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. To state a constitutional claim for failure to protect, a plaintiff must show two things: (1) he was subjected to conditions posing a substantial risk of serious harm; and (2) prison officials were deliberately indifferent to his need for protection. *Id.*; *see also Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Deliberate indifference "is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Crucially, in order to show that prison officials were deliberately indifferent to a prisoner's need for protection, the prisoner must prove "that the official *actually knew* of a substantial risk of serious harm and *failed to act*." *Adeleke v. Heaton*, 352 Fed. App'x 904, 907 (5th Cir. 2009) (per curiam) (unpublished) (emphasis added). Moreover, mere negligence in failing to protect a prisoner from assault does not establish a constitutional violation. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

Here, Plaintiff alleges that "Safe Prisons" and Rendon failed to respond to multiple I-60 and OPI forms Plaintiff submitted concerning two prior assaults after Plaintiff was "expressed on the unit as a snitch." (Doc. No. 8.) Plaintiff claims that some unidentified person(s) told him that there was not enough evidence to corroborate those claims. *Id.* Plaintiff then states that he was

6

subsequently involved in a third assault, where he was "almost strangled to death." *Id.* However, none of these facts, taken as true, show that Rendon or the other Safe Prison Guards subjectively disregarded a substantial risk of serious harm. Plaintiff does not identify what role, if any, Defendants had in transmitting or reviewing the I-60 and IPO Forms. *See Thompson v. Steele*, 709 F.2d 381 (5th Cir. 1983) (Personal involvement is a perquisite to recovery under § 1983). He does not allege that Defendants are the person(s) who told him that his claims couldn't be corroborated. Nor does Plaintiff otherwise plead facts showing that any particular officer had personal knowledge about and subjectively disregarded a serious risk of injury stemming from Plaintiff's reputation in the unit. In fact, Plaintiff does not allege any facts against Defendants at all, except to merely name them in the complaint. *See Miguel v. Cochran*, No. 5:20-CV-041-BQ, 2020 WL 7700631, at *5 (N.D. Tex. Nov. 25, 2020), *report and recommendation adopted sub nom. San Miguel v. Cochran*, No. 5:20-CV-041-C-BQ, 2020 WL 7698759 (N.D. Tex. Dec. 28, 2020) (dismissing inmate's 1983 claim against prison official where complaint failed to delineate prison official's involvement in the alleged violations). Accordingly, Plaintiff's claims against Rendon and the unidentified Safe Prison Officer should be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).[1]

### III. Denial of Access to the Courts

Defendants also move to dismiss Plaintiff's claim against Defendant Carmichael for failure to state a claim for denying access to the courts. "It is clearly established that prisoners have a constitutionally protected right of access to the courts." *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993) (citations omitted). "While the precise contours of a prisoner's right of access to the

---

[1] Additionally, with respect to the Unidentified Safe Prison Officers, the court notes that Plaintiff failed to comply with the court's order to submit the names and addresses of the Safe Prison Officer (other than Rendon) whom he intends to sue so that service can be attempted. (Doc. No. 16.) Thus, his failure to comply supports an alternative basis to dismiss the claims against the Unidentified Safe Prison Officers under Rule 4(m). *See* Fed. R. Civ. P. 4(m).

7

courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Id.* at 821. For instance, a prison authority's delay in mailing an inmate's legal papers or withholding access to a prison account to pay for legal fees may support a cause of action for denial of access to the courts. *See id.* (citing *Houston v. Lack*, 487 U.S. 266, 270–76 (1988); *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). However, a prisoner must show an actual injury stemming from the unconstitutional conduct to prevail on a claim for denial of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 351–54 (1996); *see also Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). To show actual injury, "the inmate must show that a nonfrivolous, arguable claim he wished to bring has been lost or rejected due to the deficiency or that the deficiency is currently preventing his presentation of such a claim." *Sanchez v. Stephens*, 689 Fed. App'x 797, 799 (5th Cir. 2017) (unpublished) (citations omitted).

Here, the entirety of Plaintiff's allegations against Defendant Carmichael is that she somehow prevented Plaintiff "from making a[n] accurate payment for [his] civil suit." (Doc. No. 8.) It is unclear which lawsuit Plaintiff is referring to. Plaintiff did file a previous lawsuit in the Eastern District, which was dismissed for failure to pay the filing fee. *Landry v. Michael's Unit*, No. 6:21-cv-00466. But even assuming this is the lawsuit Plaintiff is referring to, his complaint fails to allege any facts showing that this prior lawsuit encompassed a nonfrivolous, arguable claim. *See Sanchez*, 689 Fed. App'x at 799.

Further, the complaint does not allege any facts showing that Carmichael engaged in conduct which prevented Plaintiff from paying the filing fee. *See Thompson v. Steele*, 709 F.2d 381 (5th Cir. 1983) (Personal involvement is a perquisite to recovery under § 1983). He does not, for instance, state that he gave his filing fee payment to Carmichael or that Carmichael was

otherwise responsible for transmitting prisoner mail. Nor does he allege that Carmichael prevented him from accessing his prisoner funds account. Even under the liberal pleading standard afforded a *pro se* plaintiff, merely alleging that Carmichael generally prevented him from paying the filing fee is conclusory and fails to state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. 662, 678 (2009) (Federal Rule of Civil Procedure 8(a) requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

### IV.     Qualified Immunity

Alternatively, Defendants move to dismiss Plaintiff's claims based on qualified immunity. The doctrine of qualified immunity protects government officials from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). When considering a qualified immunity defense raised in the context of a Rule 12(b)(6) motion to dismiss, the court must determine whether "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Rojero v. El Paso Cnty.*, 226 F. Supp. 3d 768, 776–77 (W.D. Tex. 2016) (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)). At the pleading stage, the qualified immunity inquiry focuses on whether a plaintiff has shown "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al–Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow*, 457 U.S. at 818).

Here, Plaintiff's amended complaint fails to plead sufficient facts which, taken as true, show that Defendants violated a statutory or constitutional right that was clearly established at the time of the alleged conduct. *See Harlow*, 457 U.S. at 818. Thus, Plaintiff's claims against Defendants should also be dismissed on the basis of qualified immunity.

## CONCLUSION

For the reasons stated above, the court **RECOMMENDS** that Defendants' motion to dismiss (Doc. No. 15) be **GRANTED**, and that all remaining claims against Defendants be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within 14 days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 18th day of December, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE